# Exhibit A

Electronically Filed
10/17/2017 10:06 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
FARHAN R. NAQVI
Nevada Bar No. 8589
BLAKE S. FRIEDMAN
Nevada Bar No. 13485
NAQVI INJURY LAW
9500 West Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsimile: (702) 553-1002
naqvi@naqvilaw.com
blake@naqvilaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARY ANN MORRIS, individually; TAMMIE LYNNE MOSBRUCKER, individually; | Case No.: A-17-763180-C <br> Dept. No. Department 2 <br> **COMPLAINT** |
| Plaintiff, | |
| vs. | |
| METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY a/k/a METLIFE AUTO & HOME a/k/a METLIFE; DOES I through X and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

Plaintiffs MARY ANN MORRIS and TAMMIE LYNNE MOSBRUCKER (collectively "Plaintiffs"), by and through their attorneys, FARHAN R. NAQVI and BLAKE S. FRIEDMAN of NAQVI INJURY LAW, complain against Defendant METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY a/k/a METLIFE AUTO & HOME a/k/a METLIFE and DOES I through X and ROE CORPORATIONS I through X as follows:

///

## PARTIES AND JURISDICTION

1. That Plaintiff MARY ANN MORRIS ("Plaintiff MORRIS") was, at the time of the subject motor vehicle collision, a resident of the County of Clark, State of Nevada, and is currently residing in the State of Washington.

2. That Plaintiff TAMMIE LYNNE MOSBRUCKER ("Plaintiff MOSBRUCKER") was, at the time of the subject motor vehicle collision, a resident of the County of Clark, State of Nevada, and is currently residing in the State of Washington.

3. That Defendant METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY a/k/a METLIFE AUTO & HOME a/k/a METLIFE ("Defendant METLIFE"), upon information and belief, is and, at all times relevant herein, was a corporation duly licensed and authorized to conduct automobile insurance business in the State of Nevada.

4. That the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of defendant DOES I through X and ROE CORPORATIONS I through X inclusive are unknown to Plaintiffs at this time, who therefore sues said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants is unknown to Plaintiffs. Plaintiffs are informed and believe and thereupon allege that each of the defendants designated herein as a DOE and ROE was and is negligent or, in some other actionable manner, is responsible for the events and happenings hereinafter referred to and thereby, in some actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiffs. Plaintiffs will hereafter seek leave of the Court to amend this Complaint to show the fictitiously named defendants' true names and capacities after the same have been

ascertained. The legal responsibility of said defendants DOES I through X and ROE CORPORATIONS I through X arises out of, but is not limited to, their status as automobile insurers, agents and/or brokers providing coverage for the subject claims and/or their relationship with the other responsible parties and/or having done some other actionable conduct in this matter. Plaintiffs will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said defendants and, when the same have been ascertained, to join such defendants in this action together with the proper charging allegations.

## GENERAL FACTUAL ALLEGATIONS

5. That Plaintiff MOSBRUCKER, at all times mentioned herein, was the permissive driver of a 2005 Ford, in which Plaintiff MORRIS was riding as a passenger.

6. That on March 14, 2016, in Clark County, Nevada, Plaintiffs were traveling southbound on Interstate 15 near Sahara Avenue when an unknown third-party driver, who was traveling southbound on Interstate 15 behind Plaintiffs, negligently operated his/her vehicle and failed to use due care by, among other things, failing to reduce speed, failing to maintain a safe distance and failing to maintain a proper lookout, thereby resulting in the unknown third-party driver crashing into the rear of Plaintiffs' vehicle.

7. That the unknown third-party driver left the scene of the collision before the identity of the driver or the owner of the vehicle could be ascertained. Therefore, the subject collision was a "hit and run."

8. That the subject motor vehicle collision was immediately reported to Nevada Highway Patrol, and a police report was created soon thereafter.

9. That as a direct and proximate result of the third-party's negligence, Plaintiff MORRIS sustained injuries to, including, but not limited to, her shoulder, flank, back, hips, calf, foot, bodily limbs, organs and systems, all or some of which conditions are permanent and disabling, and all to Plaintiff MORRIS' damage in an amount in excess of $15,000.00.

10. That as a direct and proximate result of the third-party's negligence, Plaintiff MORRIS received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment are continuing and shall continue into the future.

11. That as a direct and proximate result of the third-party's negligence, Plaintiff MORRIS has been required to, and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

12. That as a direct and proximate result of the third-party's negligence, Plaintiff MOSBRUCKER sustained injuries to, including, but not limited to, her head, neck, back, elbow, hand, hip, bodily limbs, organs and systems, all or some of which conditions are permanent and disabling, and all to Plaintiff MOSBRUCKER's damage in an amount in excess of $15,000.00.

13. That as a direct and proximate result of the third-party's negligence, Plaintiff MOSBRUCKER received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment are continuing and shall continue into the future.

14. That as a direct and proximate result of the third-party's negligence, Plaintiff MOSBRUCKER has been required to, and has limited occupational and recreational

activities, which has caused and shall continue to cause loss of earning capacity, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

15. That Plaintiffs were insured under a policy of insurance with Defendant METLIFE that included uninsured motorist coverage of $100,000.00 per person and $300,000.00 total (the "Policy"), which was in-force at the time of the subject collision. At all times relevant, all premiums due under the Policy were paid and all contractual duties and obligations required were fulfilled. The policy was purchased to insure against losses incurred as a result of a motor vehicle collision involving an uninsured motorist, like the subject collision described above.

16. That, after determining that the third-party was uninsured to cover Plaintiffs' damages resulting from the subject collision, Plaintiffs demanded payment of the uninsured Policy limits from Defendant METLIFE.

17. That Defendant METLIFE owed Plaintiffs the highest of duties in considering their claims for uninsured motorist coverage under the Policy.

18. That Defendant METLIFE refused to make fair payment to Plaintiffs as required under the Policy and applicable laws.

19. That Defendant METLIFE's refusal to make fair payment was made without a reasonable basis in fact or law.

20. That Defendant METLIFE's refusal to make fair payment was made in bad faith and for the purpose of denying the benefits of contract for uninsured motorist coverage to Plaintiffs.

21. That Defendant METLIFE's refusal to make fair payment was an unlawful attempt to force Plaintiffs to accept money less than the amount due under the Policy.

22. That, by and through its inappropriate conduct, Defendant METLIFE failed and refused to comply with its duties to Plaintiffs to make good faith claims decisions on Plaintiffs claims as imposed by law and within the terms of the Policy and corresponding contract.

23. That Defendant METLIFE's refusal to pay Plaintiffs benefits due under the applicable contract of insurance as described herein was intended to cause injury to Plaintiffs, and was despicable conduct carried on by Defendant METLIFE with a willful and conscious disregard of Plaintiffs' rights, subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, and was an intentional misrepresentation, deceit and/or concealment of material facts known to Defendant METLIFE with the intention, implied or in fact, to deprive Plaintiffs of property, legal rights and/or to otherwise oppress and/or cause injury constituting malice, oppression and/or fraud as described within Nevada Revised Statutes Chapter 42, thereby entitling Plaintiffs to punitive and/or exemplary damages in an amount in excess of $15,000.00 each.

24. That as a direct and proximate result of Defendant METLIFE's wrongful actions, Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION

25. Plaintiffs incorporate paragraphs 1 through 24 of the Complaint as though said paragraphs were fully set forth herein.

26. Plaintiffs and Defendant METLIFE were bound by a contractual relationship pursuant to the Policy.

27. The actions of Defendant METLIFE as described herein constitute a breach of contract between Defendant METLIFE and Plaintiffs and, as a direct and proximate result thereof, Plaintiffs have each been damaged in an amount in excess of $15,000.00.

28. Defendant METLIFE's refusal to pay Plaintiffs benefits due under the applicable contract of insurance as described herein was intended to cause injury to Plaintiffs, and was despicable conduct carried on by Defendant METLIFE with a willful and conscious disregard of Plaintiffs' rights, subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, and was an intentional misrepresentation, deceit and/or concealment of material facts known to Defendant METLIFE with the intention, implied or in fact, to deprive Plaintiffs of property, legal rights and/or to otherwise oppress and/or cause injury constituting malice, oppression and/or fraud as described within Nevada Revised Statutes Chapter 42, thereby entitling Plaintiffs to punitive and/or exemplary damages in an amount in excess of $15,000.00 each.

29. That as a direct and proximate result of Defendant METLIFE's wrongful actions, Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CAUSE OF ACTION

30. Plaintiffs incorporate paragraphs 1 through 29 of the Complaint as though said paragraphs were fully set forth herein.

31. Plaintiffs and Defendant METLIFE were bound by a contractual relationship pursuant to the Policy.

32. The expressed and implied promises made in connection with that relationship, and the acts, conduct, and communication resulting in these implied promises, obligated Defendant METLIFE to act in good faith toward and to deal fairly with Plaintiffs.

33. Defendant METLIFE's willful refusal to perform the tasks it contractually agreed to was in bad faith and, therefore, was in violation of Defendant METLIFE's legal duty to deal fairly with Plaintiffs.

34. Defendant METLIFE further breached the Covenant of Good Faith and Fair Dealing by its violation of provisions of applicable state laws including, but not limited to, the Unfair Claims Practices Act (NRS 686A.310) - violations which were done with Defendant METLIFE's actual and/or implied knowledge.

35. The actions of Defendant METLIFE as described herein constitute a breach of the Covenant of Good Faith and Fair Dealing with Plaintiffs and, as a direct and proximate result thereof, Plaintiffs each have been damaged in an amount in excess of $15,000.00.

36. Defendant METLIFE's refusal to pay Plaintiffs benefits due under the applicable contract of insurance as described herein was intended to cause injury to Plaintiffs, and was despicable conduct carried on by Defendant METLIFE with a willful and conscious disregard of Plaintiffs' rights, subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, and was an intentional misrepresentation, deceit and/or concealment of material facts known to Defendant METLIFE with the intention, implied or in fact, to deprive Plaintiffs of property, legal rights and/or to otherwise oppress and/or cause injury constituting malice, oppression and/or fraud as described within Nevada Revised Statutes Chapter 42, thereby entitling Plaintiffs to punitive and/or exemplary damages in an amount in excess of $15,000.00 each.

37. That as a direct and proximate result of Defendant METLIFE's wrongful actions, Plaintiffs have each been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### THIRD CAUSE OF ACTION

38. Plaintiffs incorporate paragraphs 1 through 37 of the Complaint as though said paragraphs were fully set forth herein.

39. Pursuant to the contractual arrangement between Plaintiffs and Defendant METLIFE, Defendant METLIFE was obligated to pay Plaintiffs for damages sustained as a result of a collision with an uninsured motorist.

40. Retaining amounts it was required to pay pursuant to the contractual agreement has unjustly enriched Defendant METLIFE.

41. The actions of Defendant METLIFE as described herein constitute unjust enrichment at Plaintiffs' expense and, as a direct and proximate result thereof, Plaintiffs have each been damaged in an amount in excess of $15,000.00.

42. That as a direct and proximate result of Defendant METLIFE's wrongful actions, Plaintiffs have each been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FOURTH CAUSE OF ACTION

43. Plaintiffs incorporate paragraphs 1 through 42 of the Complaint as though said paragraphs were fully set forth herein.

44. Defendant METLIFE engaged in one or more of – but not limited to – the following unfair claims settlement practices:

a. Defendant METLIFE failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy, as prohibited by NRS 686A.310(1)(b).

b. Defendant METLIFE failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the insurance Policy, as prohibited by NRS 686A.310(1)(c).

c. Defendant METLIFE failed to affirm or deny coverage of claims within a reasonable time after proof of loss requirements had been completed and submitted by the insured, as prohibited by NRS 686A.310(1)(d).

d. Defendant METLIFE failed to effectuate a prompt, fair and equitable settlement of claims in which its liability had become reasonably clear, as prohibited by NRS 686A.310(1)(e).

e. Defendant METLIFE compelled Plaintiffs to institute litigation to recover amounts due under the Policy, as prohibited by NRS 686A.310(1)(f).

f. Defendant METLIFE attempted to settle the claim for less than the amount to which a reasonable person would have believed she was entitled by reference to written or printed advertising material accompanying or made part of an applications, as prohibited by NRS 686A.310(1)(g).

g. Defendant METLIFE failed to promptly provide Plaintiffs with a reasonable explanation for the basis in the Policy with respect to the facts of Plaintiffs' claim and the applicable law for an offer to settle the claim, as prohibited by NRS 686A.310(1)(n).

45. The actions of Defendant METLIFE as described herein constitute unfair insurance claims settlement practices and, as a direct and proximate result thereof, Plaintiffs have each been damaged in an amount in excess of $15,000.00.

46. That Defendant METLIFE's refusal to pay Plaintiffs benefits due under the applicable contract of insurance as described herein was intended to cause injury to Plaintiffs, and was despicable conduct carried on by Defendant METLIFE with a willful and conscious disregard of Plaintiffs' rights, subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, and was an intentional misrepresentation, deceit and/or concealment of material facts known to Defendant METLIFE with the intention, implied or in fact, to deprive Plaintiffs of property, legal rights and/or to otherwise oppress and/or cause injury constituting malice, oppression and/or fraud as described within Nevada Revised Statutes Chapter 42, thereby entitling Plaintiffs to punitive and/or exemplary damages in an amount in excess of $15,000.00 each.

47. That as a direct and proximate result of Defendant METLIFE's wrongful actions, Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MARY ANN MORRIS and TAMMIE LYNNE MOSBRUCKER, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays for judgment against all defendants, and each of them, as follows.

1. For general damages sustained by Plaintiffs in an amount in excess of $15,000.00 each;
2. For special damages sustained by Plaintiffs in an amount in excess of $15,000.00 each;
3. For reasonable attorney's fees and costs;
4. For exemplary and/or punitive damages;
5. For interest at the statutory rate; and
6. For such other relief as the Court deems just and proper.

DATED this 17th day of October, 2017.

NAQVI INJURY LAW

By: _____
FARHAN R. NAQVI
Nevada Bar No. 8589
BLAKE S. FRIEDMAN
Nevada Bar No. 13485
9500 West Flamingo Road, Suite 104
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*



PSER
NAQVI INJURY LAW
9500 W. FLAMINGO Rd. * Ste. #104
Las Vegas, NV  89147
702-553-1000
*Attorney for:*   Plaintiff

## DISTRICT COURT
## CLARK COUNTY NEVADA

| | |
|---|---|
| MARY ANN MORRIS, INDIVIDUALLY; ET AL.<br><br>*Plaintiff*<br><br>METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY A/K/A METLIFE AUTO & HOME A/K/A METLIFE; ET AL.,<br><br>*Defendant* | *Case Number:*  **A-17-763180-C**<br><br>*Dept/Div:*        **II**<br><br>**PROOF OF SERVICE** |

BRENT ALLEN REID, being duly sworn deposes and says: that at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the state of Nevada under license #389, and not a party to or interested in the proceeding in which this affidavit is made. The affiant received on Wednesday November 01 2017; 1 copy(ies) of the:

**(2) SUMMONS; (2) COMPLAINT; (2) CIVIL COVER SHEET; (2) INITIAL APPEARANCE FEE DISCLOSURE; (2) PLAINTIFFS' NRCP 7.1 DISCLOSURE STATEMENT; $30.00 WITNESS FEE CHECK**

I served the same on Wednesday November 01 2017 at 10:49AM by:

**Serving Defendant METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY A/K/A METLIFE AUTO & HOME A/K/A METLIFE BY SERVING NEVADA DIVISION OF INSURANCE**

Substituted Service, by leaving the copies with or in the presence of: CHLOE STEWART, COMPLIANCE INVESTIGATOR Authorized Agent.  at the Defendant's Business located at 3300 W. SAHARA AVE SUITE 275, Las Vegas, NV  89102.

Pursuant to NRS 53.045, I declare under the penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.
**Executed: Wednesday November 01 2017**

Affiant: BRENT ALLEN REID #R-061962
LEGAL WINGS, INC. - NV LIC #389
1118 FREMONT STREET
Las Vegas, NV  89101
(702) 384-0305, FAX (702) 384-8638

*1000041520.5531000.541790*